**NAVASOTA RESOURCES, L.P., Appellant**

v.

**FIRST SOURCE TEXAS, INC., First Source Gas, LP, Gastar Exploration Texas, LLC f/k/a Bossier Basin, LLC, First Texas Gas, LP, First Source Bossier LLC, Gastar Exploration, Ltd., Chesapeake Energy Corp., Chesapeake Exploration LP & Chesapeake Operating, Inc., Appellees.**

No. 10–06–00236–CV.

Court of Appeals of Texas, Waco.

Aug. 5, 2009.

Kent Rutter, Kirk L. Worley, Sandy D. Hellums, Gayle Wilson Ray and Lynne Liberato, for Appellant.

James D. Thompson III, Benjamin F.S. Elmore, Roger Knight, Kevin Knight, Gwen J. Samora and Abigail W. Giraud, for Gastar Exploration Texas, LLC f/k/a Bossier Basin, LLC.

Jesse R. Pierce, Bryan F. Russ and William R. Burns, for Chesapeake Exploration LP & Chesapeake Operating, Inc.

## DISSENT TO ORDER

TOM GRAY, Chief Justice.

Today the Court grants a motion to return some original documents filed under seal as part of the clerk's record in this appeal. I respect what the Court and the parties want, but respectfully, we have no authority to do this. Our plenary power ended over a year ago,[1] so we have to look to Rule 19.3 to see if there is a provision for us to grant the motion. *See* Tex.R.App. P. 19.3. I find none. This action by the Court has nothing to do with the enforcement of our judgment or mandate or with any of the other actions we may take after the expiration of our plenary power. *Id.*

Next, I note that, in this circumstance, we have impaired the duties specifically allocated to, and solely to, the Clerk under Rule 12.3 (Custody of Papers). Tex.R.App. P. 12.3. Further, it appears this would be a direct violation of the Clerk's duties under Rule 12.4(f) (Withdrawing Papers). Tex.R.App. P. 12.4(f).

I note, however, that although a specific rule is not mentioned in the motion by Navasota or in the order from the trial court, it appears the documents were received via a trial court order under Rule 34.5(f). Tex.R.App. P. 34.5(f). That order should have specified the return of the items. It did not. Normally if the trial court order does not provide for the return of original documents, we require clarification and correction of the order at that time.[2] Because the trial court's order fails to specify the return of the originals to the trial court clerk, this Court's Clerk must determine whether the return of the documents now, without such an order, would violate her duty under Rule 12.3. Tex. R.App. P. 12.3. There is also a statute that addresses her duty in this regard—to carefully preserve records. Tex. Gov't Code Ann. § 51.204(a)(1) (Vernon 2005). Further, the Court's retention schedule makes no provision for the absence of these records from the file.

The Court apparently believes it has some inherent authority to grant the motion and order the Clerk to return the documents. But this course of action is fraught with problems because, as explained above, there are specific rules and statutes that deal with the issue, thus negating the idea that this is within the scope of the Court's inherent powers.

*Because* we do not have inherent power to act contrary to the rules and statutes, *because* the trial court has jurisdiction of this matter on remand, *because* we have no plenary power to take this action; *because*

---

1. Our plenary power expired 30 days after we denied the joint motion for rehearing on March 18, 2008. *See* Tex.R.App. P. 19.1(b).

2. The Court refused to give me adequate time to consider the merits of their opinion when it was issued. *Navasota Res., L.P. v. First Source Tex., Inc.*, 249 S.W.3d 526 (Tex.App.-Waco 2008, pet. denied). Apparently, in the

haste to issue an opinion, the Court failed to follow its normal course of proceeding when receiving original documents. I would like to think that this is an oversight that I would have caught and corrected if adequate time to review the opinion and the record had been allowed.

the trial court originally failed to order the return of the items, *because* we failed to correct the trial court's error, and *because* this Court's Clerk would violate the Clerk's duties by allowing removal of the documents, we should simply explain this to the parties and ask them to ask the trial court to "make an order" providing for the return of the original documents, thus complying with Rule 34.5(f). *See* TEX. R.APP. P. 34.5(f).

Because the Court acts without authority to do so, I dissent.